UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TARA NOREEN SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 14-cv-05540 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 11, 12, 13).

After considering and reviewing the record, the Court concludes that the ALJ erred by failing to discuss significant probative evidence. Had the ALJ credited fully this opinion from an examining doctor, the RFC would have included additional limitations,

thus the error affected the ultimate disability determination and is not harmless. In addition, the ALJ's rationale for his failure to credit fully some of Dr. Carollo's opinions is not specific and legitimate and supported by substantial evidence in the record as a whole. This error, too, is not harmless.

Therefore, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, TARA NOREEN SAVAGE, was born in 1959 and was 49 years old on the alleged date of disability onset of May 15, 2008 (*see* AR. 233-35, 236-39). Plaintiff completed her GED (AR. 64). Plaintiff has worked as a truck driver, a warehouse worker and in candy production for a temporary staffing agency (AR. 66-67, 273).

According to the ALJ, plaintiff has at least the severe impairments of "chronic obstructive pulmonary disease (COPD); anxiety disorder, NOS; depressive disorder; hepatitis A; [and] hepatitis C (20 CFR 404.1520(c) and 416.920(c))" (AR. 14).

In November, 2008 plaintiff was living with her mother (*see* AR. 362).

## PROCEDURAL HISTORY

Plaintiff applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 129-31, 132-35, 136-37, 138-30). Plaintiff's first hearing resulted in denial of benefits by an Administrative Law Judge (AR. 105-23). Plaintiff requested review and the Appeals Council remanded to an ALJ. Plaintiff's

ORDER ON PLAINTIFF'S COMPLAINT - 2

second hearing, following the Appeals Council remand, (AR. 124-28) was held before ALJ Gary Elliott ("the ALJ") on January 31, 2013 (*see* AR. 29-58). On February 19, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR.9-28).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in rejecting the medical opinions of Thomas Carollo M.D.; and (2) The ALJ's errors were not harmless (*see* Dkt. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Did the ALJ err in rejecting the medical opinions of examining doctor, Dr. Thomas Carollo M.D.?**

The ALJ failed to credit fully Dr. Carollo's opinion that plaintiff's "articulated anxiety" would interfere with her ability to complete a normal workday or workweek with a finding that it was inconsistent with the doctor's own interview and objective findings (*see* AR. 20). The ALJ also found that if plaintiff was provided the accommodations within the ALJ's residual functional capacity ("RFC") that she would not have difficulty performing a normal workday or workweek (*see id.*). The ALJ thus

gave only "little weight" to this aspect of Dr. Corollo's opinion, but gave "substantial weight [] [] to the remainder of Dr. Carollo's opinion," finding that the remainder was supported by objective evidence (*see id.*).

Plaintiff complains that the ALJ failed to comment on the opinion from Dr. Carollo that plaintiff was unlikely to be able to "deal with the usual stress encountered in a competitive work environment at this time" (*see* AR. 365). Plaintiff also contends that the ALJ's rationale for failing to credit Dr. Carollo's opinion regarding plaintiff's ability to complete a normal workday or workweek without interruption is not specific and legitimate and supported by substantial evidence in the record as a whole, as required by Ninth Circuit case law (*see* Opening Brief, Dkt. 11, pp. 2-3 (*citing Lester v. Chater,* 83 F.3d 821, 830 (9th Cir. 1995)). The Court agrees with plaintiff on both arguments.

First, as argued by plaintiff, the ALJ failed to note the opinion from Dr. Carollo that plaintiff was unlikely to be able to "deal with the usual stress encountered in a competitive work environment at this time" (*see* AR. 365). The ALJ gave no reason for rejecting this opinion.

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. Therefore, the ALJ erred by failing to note Dr. Carollo's opinion regarding plaintiff's inability to deal with the usual stress encountered in a competitive work environment. *See id.*

The Court finds persuasive plaintiff's argument that it cannot "be reasonably inferred that the ALJ would have simply offered the same rational to reject this opinion as he did with regard to Dr. Carollo's other opinions because those other opinions all relate to the claimant's inability to perform work activities consistently throughout a normal workday or workweek, and this opinion concerns the plaintiff's inability to deal with the usual stress encountered in a competitive work environment" (*see* Dkt. 11, p. 3). In addition, the ALJ did not provide this rational and according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

In addition, the Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity

1   [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the

2   hypothetical question presented to the vocational expert relied on at steps four and five

3   necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational

4   expert's answers [is] improper." *See id.* at 1162.

5       Thus, the error is not harmless, as had the ALJ credited fully the opinion regarding

6   dealing with the usual work stress the RFC would have been different, thus affecting the

7   hypothetical presented to the VE at steps four and five, and thus affecting the ultimate

8   disability determination. *See id.* Therefore, this matter shall be reversed and remanded for

9   further administrative consideration.

10      As alluded to previously, the Court also concludes that the ALJ's rationale for his

11  failure to credit fully Dr. Carollo's opinion regarding maintaining regular attendance

12  consistently and completing a normal workday or workweek without interruption is not

13  specific and legitimate and supported by substantial evidence in the record as a whole.

14  *See Lester, supra*, 83 F.3d at 830.

15      The ALJ found that Dr. Carollo's opinion is "inconsistent with his own interview

16  and objective findings" (*see* AR. 20). However, the ALJ did not specify any particular

17  inconsistency, and the Court concludes that this finding is not specific and legitimate, and

18  is not based on substantial evidence in the record as a whole. Dr. Carollo included the

19  following notation in his opinion:

> [Plaintiff] articulates multiple neurovegetative symptoms including both insomnia and hypersomnia, decreased interest in activities she once enjoyed, feelings of guilt, again in particular, resulting from her not having children of her own, low energy, feeling chronically fatigued, poor concentration and appetite, and passive suicidality.  . . . . The

>claimant also describes anxiety, in particular, when in public. As a result, she has become increasingly avoidant and isolative. She states she does not leave her apartment for days at a time and the "garbage piles up."

(AR. 361). Based on the record, the Court concludes that these interview notations are consistent with Dr. Carollo's opinion that plaintiff was unlikely to be able to "perform work activities on a consistent basis, maintain regular attendance in the workplace, [and] complete a normal workday or workweek without interruption" (*see* AR. 361, 365).

Regarding the objective findings of Dr. Carollo, he noted that plaintiff was "tremulous appearing" and that her affect was mood congruent with her stated mood as depressed and anxious (*see* AR. 363). Although Dr. Carollo noted that plaintiff had some positive results on her mental status examination, such as her good concentration, persistence and pace, these findings are distinct from her affective and isolative appearance and behavior and also are consistent with Dr. Carollo's opinion that plaintiff retained "the ability to perform simple and repetitive tasks and also detailed and complex tasks, should completion of these activities not be impacted by her depressive symptoms or anxiety" (*see* AR. 363, 365). Based on the record as a whole, the Court concludes that the ALJ's finding that Dr. Carollo's objective findings are inconsistent with his opinion regarding her ability to consistently maintain regular attendance in the workplace and to complete a normal workday and workweek without interruption is not specific and legitimate and based on substantial evidence in the record as a whole. *See Lester, supra*, 83 F.3d at 830.

1   Finally, although the ALJ found that if the accommodation in his RFC were
2 afforded to plaintiff that she would not have difficulty performing a normal workday or
3 workweek, the ALJ failed to explain why his opinion on this was more correct than the
4 opinion of the medical doctor who performed an examination of plaintiff (*see* AR. 20).
5 This rational does not entail a specific and legitimate reason based on substantial
6 evidence in the record for the ALJ's rejection of Dr. Carollo's opinion.
7   When an ALJ seeks to discredit a medical opinion, he must explain why his own
8 interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d
9 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988));
10 *see also Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) ("When mental
11 illness is the basis of a disability claim, clinical and laboratory data may consist of the
12 diagnosis and observations of professional trained in the field of psychopathology. The
13 report of a psychiatrist should not be rejected simply because of the relative imprecision
14 of the psychiatric methodology or the absence of substantial documentation") (*quoting*
15 *Poulin v. Bowen*, 817 F.2d 865, 873-74 (D.C. Cir. 1987) (*quoting Lebus v. Harris*, 526
16 F.Supp. 56, 60 (N.D. Cal. 1981))); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)
17 ("judges, including administrative law judges of the Social Security Administration, must
18 be careful not to succumb to the temptation to play doctor. The medical expertise of the
19 Social Security Administration is reflected in regulations; it is not the birthright of the
20 lawyers who apply them. Common sense can mislead; lay intuitions about medical
21 phenomena are often wrong") (internal citations omitted)).
22 //

**(2)   Were the ALJ's errors harmless?**

The harmfulness of the error with respect to the failure to note Dr. Carollo's opinion regarding dealing with the usual stress encountered in a competitive work environment was discussed in the context of determining error, *see supra*, section 1. The Court also concludes that the ALJ's failure to credit fully the opinion of Dr. Carollo that plaintiff was unlikely to be able to "perform work activities on a consistent basis, maintain regular attendance in the workplace, [and] complete a normal workday or workweek without interruption" is not harmless error (*see* AR. 365).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ credited fully Dr. Carollo's opinion regarding maintaining consistent and regular attendance in the workplace and completing a normal workday or workweek

1 without interruption, the RFC would have including limitations in this area, as would the

2 hypothetical to the vocational expert. As the ALJ's ultimate determination regarding

3 disability was based on the testimony of the vocational expert on the basis of an improper

4 hypothetical, the error affected the ultimate disability determination and is not harmless.

5 *See Molina*, *supra,* 674 F.3d at 1115.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 9th day of January, 2015.

_____
J. Richard Creatura
United States Magistrate Judge